FILED
OCT 0 2 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT J. LARRY, pro se,                                    09-0663-AC

                    Plaintiff,                              FINDINGS AND
                                                            RECOMMENDATION
          v.

CITY OF THE DALLES, a municipal
corporation of the State of Oregon, WASCO
COUNTY, by and through the Wasco
County Sheriff's Office, a political
subdivision of the State of Oregon, SEAN
LUNDRY, JOSH JONES, STEVE BASKA,
ED GOODMAN, JAY WATERBURY,
SCOTT WILLIAMS, in their individual and
official capacities, ERIC NISLEY, LESLIE
WOLF, and CALVIN CURTHS in their
individual and official capacity,

                    Defendants.

_____

ACOSTA, Magistrate Judge:

FINDINGS AND RECOMMENDATION          1                          {AM}

*Introduction*

Defendants City of the Dalles, Wasco County, Sean Lundry, Josh Jones, Steve Baska, Ed Goodman, Jay Waterbury, and Scott Williams's (collectively "defendants") move to dismiss pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(4), (5), and (6). Defendants argue that Plaintiff Robert Larry's ("Larry") 42 U.S.C. §1983 and state law tort claims are barred by the statute of limitations. In addition, defendants argue that Larry failed to provide sufficient service of process on each defendant as required by FRCP 4. Larry, who is proceeding *pro se*, did not file any written response to the defendants' motion to dismiss. He appeared at oral argument on the motion and opposed the motion.

*Legal Standard*

When analyzing a motion to dismiss pursuant to FRCP 12(b)(6), the court must accept as true the factual allegations contained in the complaint and construe them in the light most favorable to the plaintiff. *Reynolds v. Giusto*, No. 08-CV-06261, 2009 WL 2523727, at *1 (D. Or. Aug 18, 2009). Dismissal is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.* Generally, in considering a Rule 12(b)(6) motion, the court may not consider any evidence contained outside of the pleadings. *Id.* at *2. With respect to *pro se* plaintiffs, allegations are generally held to less stringent standards than formal pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972).

*Background*

On August 1, 2005, Larry was attacked by a female acquaintance, Walunda Harris ("Harris"), at a McDonald's restaurant in The Dalles, Oregon. Harris and Larry got into a physical altercation

outside of the restaurant, and then Harris got into Larry's car with Larry, his son, and his dog. Harris physically attacked Larry while Larry was driving on the freeway, and attempted to attack Larry's son. Larry subdued Harris and pulled over to the side of the freeway. Shortly thereafter, The Dalles Police and the Wasco County Sheriff's officers arrived. Larry was taken into custody. He asked to have his attorney called, but was told by defendant police officer Lundry that he and his son could leave if Larry gave a statement. According to Larry, he was not read his Miranda rights and was told that the interrogating officers believed Harris's side of the story, not Larry's. Larry alleges that Harris's report was fraught with lies and was not investigated by the police officers.

Larry asserts that his vehicle was searched without permission or a warrant, and a video recording of the search was tampered with by the police department and district attorney's office. Larry was booked into jail, indicted, and went to trial on several charges, including attempted murder and kidnaping in the first degree. He alleges that the Wasco County District Attorney, defendant Nisley, gave the grand jury instructions to produce charge consisting of consecutive sentencing instead of the normal concurrent sentencing. Nisley also called Harris and several of the defendant officers to testify before the grand jury, but did not call as a witness the McDonald's restaurant employee whose story supported Larry's account.

On August 22, 2005, Larry attempted to file a criminal complaint against Harris and a complaint against officer Lundry. Larry was told that the Dalles Police had already decided who the guilty party was and would not let Larry file a complaint. Larry insists that the officers were aware that Harris had previously threatened to destroy Larry's life and that Larry had a pending lawsuit against the state of Oregon.

On June 15, 2007, Larry was convicted only on a reckless endangerment charge, a

FINDINGS AND RECOMMENDATION        3                              {AM}

misdemeanor, and claims the judge commented that Harris proved to be an unreliable witness. The judge transferred the case from Wasco County to Lincoln County, where Larry was put on probation for the reckless endangerment conviction. After the bench trial, Larry filed several Oregon State Bar complaints against defendant Nisley. Larry alleges that, in an attempt to keep Larry from filing complaints, Nisley has harassed Larry and advised Harris to file unwarranted stalking complaints against Larry. Larry insists that actions and statements by defendants have affected him in a negative way, and have harmed his character and community standing.

*Analysis*

A.     Motion for Extension of Time

On June 20, 2009, the defendants filed a motion (#22) for extension of time to answer the complaint. Larry opposed this motion on the basis that adequate time had been allowed for the defendants to answer.

The motion for extension was filed within eleven days of the returns of service for all defendants and within six weeks from the date the case was filed. In this district, reasonable extensions of time are commonly given, unless there is a showing of actual prejudice to one or both parties. There is no prejudice in this case to Larry for allowing defendants an additional twenty-five days to submit their responsive pleading. Because extensions of time are routinely granted when good cause is shown, and no prejudice exists here, the motion is granted.[1]

B.     Motion to Dismiss

In his complaint, Larry presented twenty claims for relief, the first eighteen of which involve

---

[1]The Court previously denied as moot the motion (#22) for extension of time on August 3, 2009. The Court's current ruling hereby supersedes the previous minute order.

FINDINGS AND RECOMMENDATION          4                              {AM}

the defendants represented in this motion.  The eighteen applicable claims presented are: (1) Malicious Prosecution and Unlawful Seizure of a Person in Violation of 42 U.S.C. § 1983; (2) Concealment of evidence in Violation of 42 U.S.C. § 1983; (3) Fabrication of False Evidence in Violation of 42 U.S.C. § 1983;  (4) 42 U.S.C. § 1983 4th and 14th Amendment Violations - City of The Dalles Unconstitutional Municipal Policy; (5) Supervisory Violation of 42 U.S.C. § 1983; (6) Conspiracy in Violation of 42 U.S.C. § 1983 (listed as both the sixth and seventh claim); (8) Conspiracy in Violation of 42 U.S.C. § 1985(2) (Obstruction of Justice); (9) Conspiracy in Violation of 42 U.S.C. § 1985(2) (Witness Tampering); (10) Conspiracy in Violation of 42 U.S.C. § 1985(3); (11) Conspiracy in Violation of 42 U.S.C. § 1986 (The Dalles Police); (12) Malicious Prosecution and Conspiracy; (13) Obstructing of Justice and Conspiracy; (14) Intentional Infliction of Emotional Distress and Conspiracy; (15) Negligence by The Dalles Police; (16) Negligence Infliction of Emotional Distress by The Dalles Police; (17) Obstructing of Justice and Conspiracy (Post Trial); and (18) Intentional Infliction of Emotional Distress and Conspiracy (Post Trial).

Defendants move to dismiss based on FRCP 12(b)(6) for failure to state a claim upon which relief can be granted because Larry's claims are barred by the statute of limitations.  Defendants further argue that the claims should be dismissed pursuant to FRCP 12(b)(4) and (5) because the defendants were not served properly according to FRCP 4.  The court will discuss the statute of limitations issue first.

The majority of Larry's claims against these defendants should be dismissed pursuant to Rule 12(b)(6) because his allegations are not timely.  Because section 1983 contains no statute of limitations, federal courts borrow state statutes of limitations for personal injury actions when analyzing section 1983 suits.  *Wilson v. Garcia*, 471 U.S. 261, 276 (1985).  In Oregon, the statute

of limitations period for personal injury actions like Larry's Section 1983 claim is two years.  ORS 12.110(1). *See also Bailey v. Hanson*, 247 Fed. Appx. 889, 889 (9th Cir. 2007) ("Bailey's Section 1983 action is governed by Oregon's two-year statute of limitations for personal injury actions.") The limitations period begins to run when a plaintiff knows or has reason to know of the injury forming the basis of the action. *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002).

Defendants argue that Larry's claims are time-barred because he filed this action on June 15, 2009, and most of the claims involve actions occurring on, or arising out of, incidents that took place on August 1, 2005. Larry presents twenty claims for relief in his complaint, the first sixteen of which are time-barred by the Oregon statute of limitations because they directly involve the incidents that occurred on August 1, 2005.  Every allegation contained in Larry's first sixteen claims relates to incidents that occurred before his June 15, 2007, bench trial.  These incidents revolve around the discrete events that occurred on August 1, 2005.  Larry alleges another illegal discrete act took place on or after June 15, 2007.  There is no causal relationship between the two sets of discrete acts. Because the claims involving the discrete acts that occurred on August 1, 2005, are untimely, they should be dismissed.

Larry's seventeenth and eighteenth claims appear to involve actions that occurred within the two-year limitations period, after Larry's bench trial on June 15, 2007, and are not directly connected to the August 1, 2005, incidents.  The seventeenth claim Larry presents must be dismissed pursuant to Rule 12(b)(6), however, because the claim is not one that can be pursued in a civil action.  That claim is for "Obstructing of Justice and Conspiracy" and has no possibility of being remedied by amendment, as it is not a cognizable civil claim. Rather, in Oregon, obstruction of justice is codified at ORS 162.325 and is considered an offense against the state and public justice.  There is no civil

counterpart to this criminal statute and, thus, no civil cause of action for it. Therefore, Larry's seventeenth claim for relief should be dismissed pursuant to Rule 12(b)(6).

Larry's eighteenth claim for relief is for "Intentional Infliction of Emotional Distress and Conspiracy (Post Trial)." Reading the allegations of this claim as true and in the light most favorable to Larry, this claim could proceed independently as an IIED claim, as there is no common law remedy for "IIED and Conspiracy." Also taking as true that this claim originated from actions occurring after Larry's June 15, 2007, trial, it would not be barred by the applicable Oregon statute of limitations for section 1983 claims. However, it is barred by ORS 30.275(2)(b), which states that notice of a state law tort claim must be given to a public body within 180 days after the alleged loss or injury if the claim involves the public body or employees, agents, or officers representing it. OR. REV. STAT. 30.275(2)(b) (2009). Larry's eighteenth claim is against police officers of the Dalles Police Department and the Wasco County Sheriff's Office, and, as such, is against officials of a public body. Thus, Larry was required to notify that public body within 180 days after the alleged injury of the tort claim. *Flug v. University of Oregon*, 335 Or. 540, 549, 554 (2003). Lack of notice of a tort claim against a public body or its representatives is a dispositive issue, and if formal or actual notice is not given the claim should be dismissed. *Scott v. Jackson County*, 403 F. Supp. 2d 999, 1010 (D. Or. 2005) ("[P]laintiff failed to provide notice to the County of her state law tort claims, and they are dismissed.")

There is no evidence or allegation that Larry provided notice of his tort claims prior to the June 15, 2009, filing date of this action. Because Larry provided no specific date upon which he became aware of his IIED injuries, the court can only assume that the "Post Trial" reference means the intentional infliction of emotional distress began no later than the conclusion of his June 15,

FINDINGS AND RECOMMENDATION          7                    {AM}

2007, trial date. Larry would have had to notify the public body responsible for the individuals of this claim within 180 days from the June 15, 2007, trial date for this claim to proceed. Because Larry has presented no evidence that he provided notification before the June 15, 2009, filing date, this claim also should be dismissed pursuant to Rule 12(b)(6).

Because all of Larry's claims pertaining to defendants City of the Dalles, Wasco County, Sean Lundry, Josh Jones, Steve Baska, Ed Goodman, Jay Waterbury, and Scott Williams must be dismissed pursuant to Rule 12(b)(6), it is not necessary to analyze the service of process argument.

*Conclusion*

Defendants' motion to dismiss (#24) pursuant to FRCP 12(b)(4), (5) and (6) should be GRANTED in respect to Larry's first through eighteenth claims for relief.

*Scheduling Order*

The above Findings and Recommendation are referred, effective this date, to a United States District Judge for review. Objections, if any, are due no later than October 15th, 2009. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 1st day of October, 2009.

JOHN V. ACOSTA
United States Magistrate Judge

FINDINGS AND RECOMMENDATION        8                {AM}