```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON


ROBERT J. LARRY,                              09-CV-663-AC

        Plaintiff,                            ORDER

v.

CITY OF THE DALLES, a
municipal corporation of the
State of Oregon; WASCO
COUNTY, by and through the
Wasco County Sheriff's
Office, a political
subdivision of the State of
Oregon; SEAN LUNDRY, JOSH
JONES, STEVE BASKA, ED
GOODMAN, JAY WATERBURY, and
SCOTT WILLIAMS in their
individual and official
capacities; ERIC NISLEY,
LESLIE WOLF, and CALVIN
CURTHS in their individual
and official capacity,

        Defendants.
```

1 - ORDER

**BROWN, Judge.**

Magistrate Judge John V. Acosta issued Findings and Recommendation (#30) on October 2, 2009, in which he recommended the Court grant Defendants' Motion (#24) to Dismiss Pursuant to FRCP 12(b)(4), (5), and (6) as to Plaintiff's Claims One through Eighteen.  Plaintiff filed timely Objections to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reina-Tania*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

In his Objection, Plaintiff asserts "[t]he 'legal standard' and 'analysis' by which findings and recommendation are based are prejudice[d] toward Plaintiff."  This Court has carefully considered Plaintiff's Objections and concludes they do not provide a legal basis to modify the Findings and Recommendation as to Claims One through Seventeen.

As to Plaintiff's Eighteenth Claim, the Magistrate Judge correctly noted Plaintiff has not alleged in his Complaint that he filed a Tort Claims notice as required by the Oregon Tort Claims Act (OTCA), Oregon Revised Statute § 30.275(2)(b).  It is

2 - ORDER

also unclear when Plaintiff contends the intentional infliction of emotional distress alleged in Plaintiff's Claim Eighteen occurred.  Plaintiff, however, specifically alleges in ¶¶ 52 and 54 of his Complaint that the threats by Nisley "have and continue to cause Plaintiff undue stress and harassment" and "Defendants . . . have caused Plaintiff tremendous harm to his character . . . and reputation causing ongoing and future economic and financial hardships."  Viewing these facts in the light most favorable to Plaintiff as this Court is required to do when resolving a Motion to Dismiss, *see Aguasin v. Mukasey*, No. 05-70521, 2008 WL 4750618, at *1 (9th Cir. Oct. 30, 2008)(citing *Agyeman v. I.N.S.*, 296 F.3d 871, 878 (9th Cir. 2002), it appears to the Court that Plaintiff may be attempting to allege Defendants continue to intentionally inflict emotional distress on Plaintiff.  The Court, therefore, cannot rule out that Plaintiff may be able to provide the required tort-claim notice to Defendants within 180 days after some alleged injury that is ongoing.

    Before the court dismisses a *pro se* complaint, the court must provide the plaintiff with a statement of the complaint's deficiencies and give the plaintiff leave to amend the complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.   *Rouse v. United States Dep't of State*, 548 F.3d 871, 881-82 (9th Cir. 2008).  The Court,

therefore, grants Plaintiff leave to amend his Complaint only as to Claim Eighteen no later than January 18, 2010, provided he also makes and alleges tort-claim notice to the applicable Defendant(s).

The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Acosta's Findings and Recommendation as modified and **GRANTS** Defendants' Motion (#24) to Dismiss Pursuant to FRCP 12(b)(4), (5), and (6) as to Plaintiff's Claims One through Eighteen. The Court also grants Plaintiff leave to amend his Complaint only as to Claim Eighteen no later than **January 18, 2010**, if he provides tort-claim notice to the applicable Defendant(s).

IT IS SO ORDERED.

DATED this 16th day of December, 2009.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge