IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROBERT J. LARRY,<br><br>     Plaintiff,<br><br>  v.<br><br>TERESA SCHMID, Executive Director of Oregon State Bar; THE OREGON STATE BAR; CHRIS MULLMAN, and SCOTT MORRILL, in their individual and official capacities; ERIC NISLEY, and CALVIN CURTHS, in their individual capacities,<br><br>     Defendants. | Civ. No. 09-663-AC<br><br>FINDINGS AND RECOMMENDATION |

ACOSTA, Magistrate Judge:

*Introduction*

Defendant Eric Nisley ("Nisley") has moved to remand this action to state court, arguing that in light of the dismissal of all federal claims the court should decline to exercise supplemental jurisdiction over the remaining state law claims. Plaintiff Robert J. Larry ("Larry") opposes the

FINDINGS AND RECOMMENDATION   1         {KPR}

motion citing judicial economy and fairness as weighing against remand to state court. For the reasons stated, the court elects to exercise supplemental jurisdiction over the remaining state law claims and denies the motion to remand.

*Background*

Larry filed this action against Nisley and several other defendants on June 15, 2009. On July 30, 2009, defendants City of The Dalles, Wasco County, Sean Lundry, Josh Jones, Steve Baska, Ed Goodman, Jay Waterbury, and Scott Williams moved to dismiss the majority of Larry's claims. The court dismissed as untimely the first sixteen claims as barred by the statute of limitations. The claims arose from events that took place on August 1, 2005, and were untimely filed pursuant to the applicable statutes of limitation. Two of Larry's claims were timely, but were dismissed for failure to state a claim and for failure to give notice under the Oregon Tort Claims Act. Accordingly, all claims against the moving defendants were dismissed.

Larry was granted leave to file an amended complaint and subsequently filed his First Amended Complaint on April 12, 2010.[1] On April 26, 2010, defendants Nisley and Calvin Curths ("Curths") filed separate motions for summary judgment. On July 30, 2011, defendants Scott Morrill, Chris Mullman, the Oregon State Bar, and Teresa Schmid filed a motion for summary judgment. On May 5, 2011, Larry stipulated to dismissal of all claims against defendants Teresa Schmid, the Oregon State Bar, Chris Mullman, Scott Morrill, and Curths. Thus, all motions for summary judgment were denied as moot with the exception of Nisley's motion, as he remained the sole defendant in the case.

---

[1] The First Amended Complaint did not name numerous defendants originally named, and these defendants were thus dismissed by partial judgment on September 16, 2010.

The court ruled on this motion on October 21, 2011, and granted it with respect to Larry's section 1983, section 1985, assault, and breach of fiduciary duty claims. The court denied the motion as to the defamation and IIED claims. These state law claims against Nisley are the only remaining claims in this lawsuit.

*Legal Standard*

The Ninth Circuit concisely describes supplemental, or pendent, jurisdiction and its fate upon dismissal of the attendant federal claims:

> Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is "a common nucleus of operative fact between the state and federal claims." The ultimate lack of merit of the federal claim does not mean that pendent jurisdiction cannot attach; the federal claim must be "absolutely devoid of merit or obviously frivolous" to divest the court of pendent jurisdiction.

*Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) (quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991)). Where the federal claims were initially sufficient to confer jurisdiction, "the district court retains discretion whether to exercise supplemental jurisdiction over state law claims even after all federal claims are dismissed." *Lacey v. Arpaio*, 649 F.3d 1118, 1137 (9th Cir. 2011) (citing 28 U.S.C. § 1367(c)(3)). The district court's discretion will "weigh[] factors such as economy, convenience, fairness, and comity." *Brady*, 51 F.3d at 816.

*Discussion*

Nisley argues that the court should decline to retain jurisdiction over the state law claims because (1) the federal claims were frivolous and therefore no federal subject matter jurisdiction initially attached and (2) even if jurisdiction was initially present, convenience and comity dictate that the matter be remanded to state court. Larry responds that the federal claims were not frivolous

FINDINGS AND RECOMMENDATION        3                             {KPR}

and that the factors weigh in favor of retaining jurisdiction of the remaining claims in federal court.

I.      Lack of Merit and Frivolousness

Nisley contends that Larry's section 1983 and 1985 claims were frivolous and devoid of merit. However, this is not consistent with Nisley's motion for summary judgment or the court's disposition thereof. In its decision, the court first analyzed what conduct might be subject to the federal claims insofar as it was taken under color of law and not shielded by prosecutorial immunity. The court concluded that there were questions of fact as to whether any of Nisley's alleged conduct was both actionable under section 1983 and outside of the scope of prosecutorial immunity, precluding summary judgment on those grounds. The court then addressed the claims for their legal sufficiency. The court concluded that Larry had failed to state claims or First and Eighth Amendment violations under section 1983. The court next concluded that, with respect to the alleged conspiracy in violation of section 1985, Larry had failed to adequately plead all elements. Thus, all federal claims were dismissed. The court did not conclude then, and does not conclude now, that it lacked jurisdiction on the ground that the claims were completely lacking in merit or otherwise frivolous. Thus, the court may consider whether to exercise its discretion to retain supplemental jurisdiction over the state law claims.

II.     District Court Discretion

As above, the factors relevant to analyzing whether to exercise supplemental jurisdiction absent remaining federal claims are judicial economy, convenience, fairness, and comity.

   A.   *Judicial Economy*

Nisley argues that a remand to state court on the remaining two claims would not be contrary to judicial economy as this court has merely limited the claims and the parties. Larry argues that this

factor weighs in his favor as the case has been pending before this court for three years and the court has extensive knowledge of and investment in the case. If the case is remanded, Larry argues that the court will have to start anew and there will be a waste of judicial resources.

The court agrees that the interests of judicial economy are better served by retaining the case in this court. First, the case has been pending for over three years and the court has issued numerous rulings both on the merits and on procedural and discovery issues. Second, Larry has been appointed pro bono counsel as a party in this court and the viability of that representation in a different court is uncertain. These reasons weigh in favor of exercising supplemental jurisdiction over the state law claims.

### B.    *Convenience*

Nisley argues in support of his motion that trying the remaining claims in Wasco County is most convenient because the claims are premised on events that occurred in Wasco County and Nisley is himself located there. Larry responds that he lives in Portland, as does his attorney, and notes that the Oregon Department of Justice has an office in Portland. Larry also contends that many of the witnesses reside closer to Portland than to Wasco County and so convenience should weigh in his favor.

In the court's view, the question of convenience does not favor either party because the competing locations are less than one hundred miles apart and travel in either direction would not be meaningfully inconvenient for either side.

### C.    *Fairness*

Nisley contends that trial in Wasco County would be fair, but does not give reasons why this is so. Larry argues that he would be unable to get a fair hearing in Wasco County because he was

tried previously on numerous criminal charges. He notes that all of the judges in Wasco County recused themselves from the underlying criminal case, requiring Judge Huckleberry from neighboring Lincoln County to preside over the trial. Larry also argues that it would be unfair to require Larry to seek alternate counsel, in light of the fact that present counsel was appointed by this court and there is no guarantee that he will continue on the case upon its transfer to Wasco County.

On the record before it, the court is not persuaded that Larry would be unable to receive a fair trial in Wasco County because he was previously tried on criminal charges in that same area or because Wasco County judges have previously recused themselves. It agrees, however, that it is preferable that Larry continue to be represented by his current counsel. The court does not find that fairness weighs heavily for either side.

D.   Comity

Nisley contends that a state court is the most competent to resolve claims arising under state law. Larry argues that comity is not an issue because there are no novel issues of state law or novel applications of federal law to state law in the remaining claims. The court agrees that comity is not a consideration in resolving this motion as the state law claims are governed by well-established case law and the federal court is fully competent to resolve them.

The court concludes that the factors cited by Nisley do not call for remand to state court and elects to exercise its discretion and retain the state law claims under its supplemental jurisdiction.

*Conclusion*

For the reasons stated, Nisley's Motion to Remand (#169) should be DENIED.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any,

are due July 25, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 11th day of July, 2012.

                                              JOHN V. ACOSTA
                                     United States Magistrate Judge