IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ROBERT J. LARRY,                                                3:09-cv-00663-AC

            Plaintiff,                         FINDINGS AND RECOMMENDATION

    v.

ERIC NISLEY, in his individual capacity,

            Defendant.

ACOSTA, Magistrate Judge:

*Pending Motion*

Robert J. Larry ("Larry") filed a First Amended Complaint against Eric Nisley ("Nisley"), the District Attorney of Wasco County, and others, alleging numerous claims under both federal and state law, arising from Larry's 2005 arrest and conviction for reckless endangerment of another. Following the court's prior rulings in this case, only on defendant, Nisley, and two state law claims

1 - FINDINGS AND RECOMMENDATION

remain, defamation and intentional infliction of emotional distress ("IIED"). *See Larry v. Schmid*, No. 09-cv-00663-AC, 2011 WL 7163040 (D. Or. Oct. 21, 2011). Specifically, in his Third Claim for Relief (Defamation), Larry alleges Nisley "maliciously published matter untrue" to harm Larry. (First Am. Compl. ¶ 66.) In his Fourth Claim for Relief (IIED), Larry alleges Nisley "acted willfully, knowingly and purposefully . . . to intentionally inflict emotional distress . . . ." (First Am. Compl. ¶ 69.)

For a second time in this litigation, Nisley files a Motion for Summary Judgment[1] seeking dismissal of Larry's defamation and IIED claims. Nisley contends, at all relevant times, he acted as a state employee and, thus, Larry was required to provide notice in accordance with OR. REV. STAT. ¶ 30.275. Additionally, Nisley maintains his letter to Judge Huckleberry is subject to prosecutorial immunity and his statements to a reporter for *The Dalles Chronicle* were opinion and, therefore, cannot form the basis of a claim for defamation or IIED. (Def.'s Mot. Dismiss 2; Def.'s Mem. Summ. J. 5.) Based upon the reasons set forth below, Nisley's request for summary judgment should be granted on the ground Larry failed to comply with the requirements of the Oregon Tort Claims Act.

## Background

The facts of this case were thoroughly detailed in this court's written decision granting, in part, and denying, in part, Nisley's previous Motion for Summary Judgment filed in this litigation. *Larry*, 2011 WL 7163040, at *1-2. The parties and the court are very familiar with the procedural and factual history of this dispute and, as such, that background will not be restated here.

---

[1] Under Rule 56(b) of the Federal Rules of Civil Procedure, unless local rule or the court orders otherwise, "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."

*Legal Standard*

Summary judgment is appropriate "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED R. CIV. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating no genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All material facts are resolved in a light most favorable to the nonmoving party. *Id.* at 331. The court must accept all evidence and make all inferences in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

*Discussion*

The parties agree the only remaining allegations in support of Larry's First Amended Complaint are: (1) Nisley unlawfully interfered with Larry's probation when Nisley wrote a letter to Judge Huckleberry after the case was transferred to Lincoln County; and (2) comments made by Nisley to a reporter for *The Dalles Chronicle* were defamatory, in violation of Oregon law, and caused Larry severe emotional distress. (Def.'s Mem. Summ. J. 1; Pl.'s Opp. 1.) The dispute is whether Larry was required to comply with the requirements of the Oregon Tort Claims Act, whether Nisley's conduct is shielded by prosecutorial immunity, and whether Nisley's statements to a reporter for *The Dalles Chronicle* were opinion or objective fact.

I.    Objective Fact or Opinion

Larry alleges Nisley's statements to Rodger Nichols, a reporter for *The Dalles Chronicle*, was defamatory and intended to inflict emotional harm. Several months after the close of the criminal trial against Larry, Nichols reported: "District Attorney Nisley said the judge found the events 'more likely than not' happened, because he denied a request for a judgment of acquittal on all

3 - FINDINGS AND RECOMMENDATION

charges, even the attempted murder." (Dirk L. Pierson Decl. Ex. 2 at 3, March 1, 2013.) Nisley contends, when viewed as a whole, no reasonable person could conclude any of his statements to Nichols were objective facts. Thus, the court can find as matter of law Nisley's statements were opinion and not actionable. Previously, the court considered this same argument by Nisley, but rejected Nisley's request for dismissal, in part, because "the article itself is not currently before the court and it can only evaluate its content as presented in the deposition excerpt." *Larry*, 2011 WL 7163040, at *9.

In support of his renewed request for summary judgment, Nisley provides a copy of the article. (Pierson Decl. Ex. 2.) Nisley maintains "the article is an informative piece" and the parties "involved were given the opportunity to comment and respond to issues regarding [Larry's] legal proceedings." (Def.'s Mem. Summ. J. 6.) Specifically, Nisley and Larry's attorney, Geoffrey Gokey, "expressed their opinions as to how the proceedings went and offered opinion on why the particular outcome was attained." (Def.'s Mem. Summ. J. 6.) Immediately following the challenged statement Nisley stated: "Somewhere between 'more likely than not' and 'proof beyond all doubt' is 'proof beyond a reasonable doubt.'" That's the standard, and it's the right standard. That doesn't mean the events didn't happen, it just means we couldn't prove it." (Pierson Decl. Ex. 2 at 3.) According to Nisley, these additional statements "qualified his statement and demonstrated that he is giving his opinion on what has taken place." (Def.'s Mem. Summ. J. 6.)

Under Oregon law, the *prima facie* elements for defamation are: "(1) the making of a defamatory statement; (2) the publication of the defamatory material; and (3) a resulting special harm (unless the defamatory statement gives rise to presumptive special harm)." *Roskowski v. Corvallis Police Officers' Ass'n*, No. 03-cv-474-AS, 2005 WL 555398, at *12 (D. Or. Mar. 9, 2005); *see also*

4 - FINDINGS AND RECOMMENDATION

*Morlan v. Qwest Dex, Inc.*, 332 F. Supp. 2d 1356, 1361 (D. Or. Aug. 25, 2004) ("To establish a claim for defamation, a plaintiff generally must show harm resulting from defendant's publication to a third party of a defamatory, false statement of and concerning the plaintiff."). A defamation claim must be premised on a statement that is actually false. "Even if a statement is capable of a defamatory meaning, there can be no viable action for defamation if the statement is substantially true." *Rycraft, Inc. v. Ribble Corp.*, No. 09-cv-1573-KI, 1999 WL 375610, at *7 (D. Or. Apr. 26, 1999).

To the extent Nisley expressed his opinion about Larry his statements are not actionable as defamatory. "Whether an allegedly defamatory statement is one of opinion or fact is a question of law." *Gardner v. Mt. Hood Polaris, Inc.*, 563 F.3d 981, 986 (9th Cir. 2009). The Ninth Circuit held "the threshold question . . . in a defamation claim is 'whether a reasonable factfinder could conclude that the contested statement implies an assertion of objective fact.'" *Id.* at 987 (quoting *Unelko Corp. v. Rooney*, 912 F.2d 1049, 1053 (9th Cir. 1990)). To answer this threshold question, courts in this circuit apply a three-part test: "(1) whether the general tenor of the entire work negates the impression that the defendant was asserting an objective fact, (2) whether the defendant used figurative or hyperbolic language that negates that impression, and (3) whether the statement in question is susceptible of being proved true or false." *Partington v. Bugliosi*, 56 F.3d 1147, 1153 (9th Cir. 1994).

The court previously determined Nisley's statement: "was objectively false and, with respect to the veracity prong of a defamation claim, susceptible to such a claim," *Larry*, 2011 WL 7163040, at *9. Thus, the remaining issue is whether the general tenor and style of Nisley's remarks gave the impression of an assertion of fact. On that question, the court earlier determined:

5 - FINDINGS AND RECOMMENDATION

> Nisley is not commenting directly on Larry's guilt, but rather on the legal implication of Judge Huckleberry's ruling. That said, Nisley presented his legal analysis of the judge's ruling without apparent equivocation and, in his position as District Attorney, should expect that such pronouncements would be treated as fact by a lay readership.

*Id.* at 9. Despite the additional "context" for Nisley's statements by reading the article as a whole, the court is not persuaded Nisley was stating his opinion as opposed to objective fact. If anything, the additional statements by Nisley tend to support the basis for his assertion Larry was "more likely than not" guilty of the charged conduct. Accordingly, Nisley's request for summary judgment on the ground his statements to a reporter for *The Dalles Chronicle* were opinion should be denied.

II.     Oregon Tort Claims Act

Nisley renews his challenge to Larry's failure to comply with the notice requirements of OR. REV. STAT. § 30.275, a provision of the Oregon Tort Claims Act ("OTCA"). Nisley contends both of Larry's remaining allegations, and the attendant claims, are barred on this ground. There is no dispute Larry did not provide notice in accordance with the requirements of § 30.275. Larry argues, however, Nisley was acting in his personal capacity during the relevant time. Specifically, Larry maintains the actions taken by Nisley in speaking to a reporter for *The Dalles Chronicle* and corresponding with Judge Huckleberry regarding his probation were outside the scope of Nisley's responsibilities as the District Attorney for Wasco County because that conduct occurred after Nisley relinquished his duties as prosecutor in Larry's criminal case. (Robert J. Larry Decl. Ex. 1 ("Apparently Mr. Larry was not aware my office is no longer serving as the agent of the State in this matter.").)

Section 30.275 requires no enumerated tort action may be maintained against a public body or an officer unless notice of the claim is provided in accordance that provision. OR. REV. STAT.

§ 30.275. Under the OTCA, "every public body is subject to civil action for its torts and those of its officers, employees and agents acting within the scope of their employment or duties . . . ." OR. REV. STAT. § 30.265(1). Thus, where a state employee acts within the scope of his employment, the state may be liable and a tort claim notice is required prior to initiating a civil action. As such, the court must analyze whether the alleged conduct falls within the scope of the Nisley's official duties.

In *Stanfield v. Laccoarce*, 284 Or. 651, 655 (1978), the Oregon Supreme Court articulated three factors with which to evaluate whether conduct is within the scope of employment:

> In deciding whether an employee was acting within the scope of his employment, the factors to be considered are whether the act in question is of a kind the employee was hired to perform, whether the act occurred substantially within the authorized limits of time and space, and whether the employee was motivated, at least in part, by a purpose to serve the employer.

The Oregon Supreme Court has characterized these three elements as "requirements," all of which must be met to demonstrate conduct within the scope of employment. *Lourim v. Swensen*, 147 Or. App. 425, 433 (1997).

### A. Statements to a Reporter for The Dalles Chronicle

Nisley contends his comments to a reporter for *The Dalles Chronicle* were made within the scope of his employment, thereby triggering Larry's duty to comply with the notice requirements of the OTCA. The court previously addressed this precise issue and determined:

> On the record before the court, Nisley has failed to demonstrate that, in speaking with the media in October 2007 about Larry's case, he was acting within the scope of his employment. There is at least a question of fact as to whether, in light of the timing and nature of the statements, they were made in Nisley's capacity as district attorney. Accordingly, Larry's failure to comply with the notice requirement of the OTCA does not bar Larry's state law claims against Nisley in his personal capacity as a matter of law.

*Larry*, 2011 WL at 7163040, at *6.

7 - FINDINGS AND RECOMMENDATION

Here, in support of his renewed request for summary judgment on this question, Nisley submits several declarations to establish, as a matter of law, he was acting within the course and scope of his employment at all relevant times. Specifically, Nisley explains "[c]ommunicating with the media is . . . one of the duties . . . [he] was hired to perform[,]" and the "disputed statements . . . were made pursuant to an outside request by the media to comment on the proceedings involving Plaintiff." (Eric Nisley Decl. ¶¶ 6, 7, May 5, 2010; *see also* Timothy Colahan Decl. ¶ 5 ("[S]peaking to the press about prosecutions and cases handled by the District Attorney's office is an integral part of the job of a District Attorney in the State of Oregon."), March 1, 2013.) Nisley points out he did not initiate the media contact and the interview was conducted in his office during normal business hours. (Nisley Decl. ¶¶ 7, 9.) Finally, Nisley contends his statements were made in an effort to serve the people of Wasco County and were "an outgrowth" of his duties as the Wasco County District Attorney. (Def.'s Mem. Summ. J. 9.)

With respect to the first requirement in *Stanfield* – whether the act in question is of a kind the employee was hired to perform – the court finds Nisley presents sufficient evidence to show speaking to the press about cases handled in the District Attorney's office is a function of his job. (Colahan Decl. ¶ 5); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 278 (1993) ("Statements to the press may be an integral part of a prosecutor's job . . . and they may serve a vital public function." (Citation omitted)). Indeed, prosecutors are normally entitled to qualified immunity for statements made to the press during the pendency of a prosecution. *Buckley*, 509 U.S. at 278. The fact supervision for Larry's probation was transferred prior to Nisley's statements to Nichols does not effect a "gag order" on Nisley and bar him from speaking about the trial proceedings. Nisley's statements to Nichols were limited in scope to the proceedings for which Nisley was directly

involved as the prosecuting attorney. Such statements are a function of Nisley's job as District Attorney for Wasco County. Moreover, Nisley presents *some* evidence that, despite an agreement with the Lincoln County District Attorney, Bernice Barnett, for post-conviction supervision of Larry, Wasco County remained the party in the case and Barnett was, at all times, acting on behalf of Nisley and Wasco County. (Bernice Barnett Decl. ¶¶ 3, 6, 7, 8, Feb. 26, 2013.)

Turning to the second element – whether the act occurred substantially within the authorized limits of time and space – it is undisputed Nisley made these statements from his office and during the work day. (Nisley Decl. ¶ 9.) Thus, Nisley satisfies the second factor in *Stanfield*. Lastly, the final requirement set forth in *Stanfield* asks whether the employee was motivated, at least in part, by a purpose to serve the employer. Nisley submits these sworn statements: "To the extent I participated in responding to media inquiries, I participated solely in my official capacity as District Attorney.... I responded to media inquiries in order to serve the official interests of my office and in order to serve the people of Wasco County." (Nisley Decl. ¶ 8.) Larry does not present any admissible evidence to controvert Nisley's evidence of motivation and, consequently, Nisley satisfies the third prong of *Stanfield*.

Based upon the undisputed facts set forth above, the court concludes Nisley's statements to a reporter for *The Dalles Chronicle* were made in the course and scope of his employment, as a matter of law. Accordingly, the OTCA notice requirements, OR. REV. STAT. § 30.275, apply to Larry's claims for defamation and IIED arising from statements made by Nisley to a reporter for *The Dalles Chronicle*. As set forth above, Larry concedes he did not satisfy the OTCA notice requirements and, accordingly, judgment should be granted against Larry's claims for defamation and IIED grounded in Nisley's statements to the media.

### B. Correspondence with Judge Huckleberry

Next, Nisley contends his correspondence with Judge Huckleberry regarding modification of Larry's probation was made within the scope of his employment, thereby triggering Larry's duty to comply with the notice requirements of the OTCA. The court previously addressed this precise issue and determined:

> Even so, Larry argues that the actions taken by Nisley were outside the scope of his employment because they occurred after Nisley relinquished his role as prosecutor when the case was transferred to a different county. Specifically, Larry alleges that Nisley acted in his personal capacity when he shared correspondence between himself and Larry with Judge Huckleberry, and when expressed his belief to Judge Huckleberry that Larry had either an anger problem or a mental impairment. This was improper, according to Larry, because it took place after Nisley had relinquished his duties as prosecutor in Larry's case.
>
> The court agrees that Nisley may be held liable for conduct occurring after he relinquished his duties as prosecutor in Larry's case, such that he was acting outside of the scope of his employment. Accordingly, there is a genuine issue of material fact as to whether the OTCA applies to Nisley's involvement in Larry's probation and summary judgment is inappropriate.

*Larry*, 2011 WL at 7163040, at *6.

As explained above, Nisley now submits additional evidence and legal authority in support of his renewed request for summary judgment on this issue. Once again the court looks to the requirements set forth by the Oregon Supreme Court in *Stanfield* to determine whether Nisley was acting within the course and scope of his employment by corresponding with Judge Huckleberry about a possible modification of Larry's probation.

As the District Attorney for Wasco County, there is no question Nisley is tasked with the responsibility for post-conviction proceedings. *See, e.g.*, OR. REV. STAT. § 8.660 ("The district attorney shall attend the terms of all courts having jurisdiction of public offenses within the district

10 - FINDINGS AND RECOMMENDATION

attorney's county, and, except as otherwise provided in this section, conduct, on behalf of the state, all prosecutions for such offenses therein."); OR. REV. STAT. §§ 137.520 - 137.637 ("Probation and Parole by Committing Magistrate"). Even assuming the case had been "transferred" to Lincoln County for purposes of judicial monitoring, it was Nisley, as the District Attorney for Wasco County, who prosecuted the case against Larry, obtained a conviction for reckless endangerment, and procured Larry's sentence. As such, it was appropriate for Nisley to apprise the court of matters relevant to Larry's ongoing supervision by the sentencing judge. There is no allegation by Larry that the substance of Nisley's statements were inaccurate or false or even beyond the purview of the prosecuting attorney. Rather, Larry challenges only the fact of Nisley's letter coming after the transfer to Lincoln County. There is simply no legal authority to suggest Nisley was barred from contacting Judge Huckleberry regarding Larry's conduct during his period of probation about matters related to Larry's sentence. Perhaps the court's analysis would be different if Nisley sent such a letter to a prospective employer after the case was "transferred" to Lincoln County. There is no question, however, that as the prosecuting attorney, Nisley had a continuing interest on behalf of Wasco County to ensure Larry complied with the terms of his sentence. (Justin Emerson Kidd Decl. Ex. 1 (Eric Nisley Dep. 101:2-25, Sept. 9, 2010 ("I was the [D]istrict [A]ttorney for Wasco County at all times during the posttrial proceedings.")), May 6, 2011; *see also* (Barnett Decl. ¶ 6 ("My participation in the post-conviction hearings was on behalf of Mr. Nisley and Wasco County."), Feb. 26, 2013.) Wasco County remained the party in the action throughout the duration of the case. (Barnett Decl. ¶ 7.) Thus, Nisley satisfies the first factor in *Stanfield*.

Turning to the second element, Nisley states unequivocally: "When I drafted correspondence addressed to the post-conviction court, I drafted it from my office, during my normal working hours.

11 - FINDINGS AND RECOMMENDATION

My correspondence used official used official letterhead." (Nisley Decl. ¶ 4.) Thus, Nisley presents evidence his conduct occurred substantially within the authorized limits of time and space. Lastly, the final requirement set forth in *Stanfield* asks whether the employee was motivated, at least in part, by a purpose to serve the employer. Nisley submits this sworn statement: "My participation in the post-conviction hearings was motivated to serve my office and the interests of the people of Wasco County." (Nisley Decl. ¶ 5.) Larry does not present any admissible evidence to controvert Nisley's evidence of motivation and, consequently, Nisley satisfies the third prong of *Stanfield*.

Based upon the undisputed facts set forth above, the court concludes Nisley's correpsondence with Judge Huckleberry regarding Larry's probation was made in the course and scope of his employment, as a matter of law. Accordingly, the OTCA notice requirements, OR. REV. STAT. § 30.275, apply to Larry's claim for unlawful interference with his probation arising from Nisley's conduct in corresponding with Judge Huckleberry in October 2007. As set forth above, Larry concedes he did not satisfy the OTCA notice requirements and, accordingly, judgment should be granted against Larry's claim Nisley unlawfully interfered with Larry's probation when Nisley wrote a letter to Judge Huckleberry after the case was transferred to Lincoln County.

III.   Prosecutorial Immunity

Nisley renews his argument he is entitled to absolute immunity (prosecutorial) from suit by Larry for the statements Nisley made in a letter to Judge Huckleberry regarding possible modification of Larry's probation. Nisley concedes prosecutorial immunity does not apply to statements he made to a reporter for *The Dalles Chronicle*. (Def.'s Mem. Summ. J. 7.) Relevant to his assertion of prosecutorial immunity, Nisley insists he never relinquished his duties as the prosecutor in Larry's case. (Def.'s Mem. Summ. J. 9-11.) Because the court determined in "Section II.B.", above, that

Larry's allegation Nisley unlawfully interfered with his probation must be dismissed for failure to comply with the requirements of OR. REV. STAT. § 30.275, the court need not reach the question of whether prosecutorial immunity shields Nisley from suit for his correspondence with Judge Huckleberry.

*Conclusion*

For the reasons set forth above, Nisley's Motion for Summary Judgment (doc #207) should be GRANTED on the ground Larry failed to comply with the notice provisions of the OTCA prior to filing his First Amended Complaint. Accordingly, Larry's First Amended Complaint should be DISMISSED, with prejudice.

Dated this 15th day of October 2013

JOHN V. ACOSTA
United States Magistrate Judge

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **October 30, 2013**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.